## WILLIAM BUCKLEY *v.* JOHN McCLOSKY and  others.

A steamer having been seized and advertised for sale by the Marshal of the City Court of New Orleans, under several executions issued on judgments obtained in that court and in the courts of the associate judges, a creditor who had obtained a judgment against the boat in the District Court of the United States, paid to the Marshal the full amount of all the executions in his hands, with the costs, in order to release it from seizure, and place it in the possession of the Marshal of the United States under his judgment, notifying the Marshal of the City Court at the time, that his claim on the boat was a privilege of a higher order than those of the judgment creditors at whose suit it was seized.  On a rule by one of the latter to show cause why his claim should not be paid by privilege out of the funds in the hands of the City Marshal, the creditor who had obtained a judgment in the United States Court having intervened, and claimed to be paid by preference over all the other creditors, *held:* that the boat not having been sold, and the payment to the City Marshal having been made avowedly to release it from seizure, and to enable the Marshal of the United States to take possession and sell, thus depriving the original·seizing creditors of their recourse against the boat, the payment to the City Marshal must be regarded as a satisfaction of the executions in his hands, and the amount be distributed among the several seizing creditors in proportion to their respective judgments.

APPEAL from the City Court of New Orleans, *Duncan,* J.
*Pepin,* for the appellees.
*Grymes,* for the appellant.

MORPHY, J.   Gregory Byrne, an intervenor in this suit, appeals from a judgment dismissing his intervention under the following

circumstances. The steamboat Pioneer having been seized and advertised for sale by the City Marshal, by virtue of several executions under judgments from the City Court and the Associate Judges, Gregory Byrne, who had obtained a judgment against the boat for $6556 56, in the United States District Court, paid to the Marshal of the City Court the full amount of all the executions in his hands, together with the costs incurred on each, with a view, as he stated, to release the boat from the seizure, and place her in the possession of the United States Marshal, under his admiralty decree or judgment; but at the same time notifying the City Marshal that his claim on the boat was of a higher privilege than that of any of the plaintiffs in the various executions or writs issued against her. These facts appear from the return made by the Marshal, on a rule taken on him and the seizing creditors by one W. H. Hutchings, a judgment creditor, to show cause why his claim should not be paid by privilege and preference out of the funds in the hands of the Marshal, being the proceeds of the sale of the steamer Pioneer. After doing this, Gregory Byrne intervened, claiming a preference over all the other creditors in the distribution of the money he had thus paid to the Marshal. We concur in the view taken of this case by the inferior court. It is clear, from the return of the Marshal, that this case presents no question of distribution or privilege under article 3204 of the Civil Code. There has been no sale of the boat, and therefore no proceeds to be divided among the creditors according to the rules therein laid down; but sufficient funds have been placed in the hands of that officer to satisfy all the judgments which he held against her. All that he had to do, was to pay over to the several seizing creditors the amount of their judgments. Had these funds been made by the sale of the property under seizure, Byrne, or any other third person, might have come in by way of opposition, pursuant to article 401 of the Code of Practice; but here the payment to the Marshal by Byrne was made avowedly to release the boat from the several seizures she was under, in order to enable the United States Marshal to take possession of and sell her under his decree in admiralty. What has since been done with the boat, the record does not inform us. After paying the amount of the several executions in the hands of the Marshal and thus releasing the boat, and depriving the creditors at

whose suit she had been seized, of their recourse against her, G. Byrne cannot be permitted to contest their right to receive their respective claims. It is not pretended that this payment was made by him through error, force, or fraud. Whatever may have been his ultimate views or intentions in making it, we cannot view it in any other light than as a satisfaction of the various executions held by the Marshal, who should have made his return accordingly. Byrne may have claims against the steamboat Pioneer or her proceeds; but neither boat nor proceeds were before the City Court, which decided correctly that the money in the Marshal's hands can in no wise be regarded as the proceeds of the boat; and that the judgment creditors should receive the full amount of their claims.

But leaving out of view the ground assumed by the judge for his decision, this intervention should perhaps have been dismissed for want of jurisdiction in the City Court, the amount claimed being over $300. 1 Bullard and Curry's Digest, 214. It has since been provided by law that whenever in a conflict of privileges between different creditors, the first seizure of a piece of property has been made by an order or writ from the City Court, and the privileged or mortgaged claims sought to be enforced on said property are for an amount exceeding the jurisdiction of said court, the proceedings shall be transferred to the District Court for the first district, or to the Parish Court for the parish and city of New Orleans. 1 Bullard and Curry's Digest, 786. But at the time the intervention was filed, no such provision existed, and it was no doubt the knowledge of this want of jurisdiction, which first induced the intervenor to pay off the claims against the boat in the City Court in order to place her under the control of the United States Marshal.

*Judgment affirmed.*